Ruffin, C. J.
 

 The counsel for the plaintiffs has not contended that the Superior Court erred in its opinion as to the nature of this action, but admitted that it can only be maintained by shewing a want of probable cause for the former suit, and also, in a legal sense, malice in bringing it. That admission was properly made in our opinion, as has been already expressed in
 
 Davis v
 
 Gully, 2 Dev. & Bat. 360. But it was contended that the court erred in holding, that the proceedings and decrees in the former suit did not establish a want of probable cause; and the counsel endeavored to maintain that proposition by minutely commenting on the pleadings and proofs in the chancery suits, and also to infer from the want of probable cause, thus established, the existence of malice. We cannot, however, recognize any part of those proceedings further than they.are incorporated into the record of this cause; since we are restricted to this record as the ground of our decision. Now the parties have agreed, here, on the inferences of fact, which are to be considered as established by the evidence in the former causes; and among them is one, which, in our judgment, puts an end to the plaintiffs’ case.
 

 The case, after stating the purchase by Palls and notice of it to the present defendants, proceeds to admit, on the part of the plaintiffs, that, at the time they bought from Carpenter and filed their bill, these defendants “ believed that, by securing the legal title, they could defeat Falls in a bill for spe
 
 *239
 
 cific performance, on account of his laches in paying the purchase money and his inability to pay it, but for the discovery of the gold mine.” Whether that was a reasonable belief or not, is not material to the question we are now to consider. We remember, indeed, that counsel gave us much trouble to shew, that it was not well founded. But supposing that belief to be without a just foundation, we are, nevertheless, upon the admission quoted, to take it, that it was •really and
 
 bona fide
 
 entertained. Thus taking it, the ingredient of malice is absolutely negatived; and the present defendants, instead of having brought a groundless suit for the purpose of oppressing the present plaintiffs and subjecting them to losses, appear only to have honestly sought from the preventive justice of the court a remedy against impending* injury to their right, or supposed right, until that right could be investigated and established. It has turned out, indeed, that those parties had not the right they then believed they had; aud that the present plaintiffs have sustained a heavy loss from the operation of the process awarded against them. But, much as that is to be regretted, it cannot be repaired in the present action, as the defendants prosecuted that litigation from sound motives. — just as much so, as the present plaintiffs are now prosecuting their suit.
 

 The truth is, the party was not so much in fault for asking the injunction, as the judge was in error in granting it. The case arose early after the business of mining began, and the writ was improvidently awarded, without recollecting at the time that to stop the working of the-mine was alike opposed by the public policy and the private justice due to the party, that might be found ultimately to be the owner; and that it would the rather promote all interests to appoint a receiver, or take some other method for having the profits fully accounted for. It is, iudeed, surprising, that the present plaintiffs had not, at the first opportunity, moved to discharge the injunction by submitting to an order for a receiver. If they had, they would, doubtless, have avoided most of their losses; and therefore they are to attribute them very much to their own negligence, and must submit to them.
 

 Per Curiam, Judgment affirmed.